# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

WILLIAM JASON PARMLEY,    )
    )
    Petitioner,    )
    )
v.    )    Case No.:  5:19-cv-00569-LSC-SGC
    )
DEWAYNE ESTES, et al.,    )
    )
    Respondents.    )

## MEMORANDUM OPINION

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by William Jason Parmley.  (Doc. 1).  On February 11, 2020, the magistrate judge entered a report recommending the claims presented in this matter be denied and dismissed with prejudice.  (Doc. 12).  The magistrate judge further recommended denial of a certificate of appealability.  (*Id.* at 15-16).  Parmley has filed timely objections.  (Doc. 15).

Parmley's objections essentially reiterate the claims in his habeas petition, which challenges his conviction and sentence for attempted marijuana trafficking. (Doc. 15; *see* Doc. 1 at 2).  Specifically, Parmley's objections assert: (1) his procedural default should be excused under *Martinez v. Ryan*, 566 U.S. 1 (2012); (2) the search warrant leading to his conviction was fatally flawed and Alabama law to the contrary circumvents the Fourth Amendment; and (3) his plea agreement allowed

for him to go to work release and trial counsel should have objected when the Alabama Department of Corrections ("ADOC") refused to honor that agreement.[1] (Doc. 15 at 1-3). Each objection is addressed in turn.

## A. *Martinez v. Ryan*

In *Martinez*, the Supreme Court held a "procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel . . . was ineffective." 566 U.S. at 17. However, a petitioner must also demonstrate that the procedurally defaulted claim "is a substantial one, which is to say . . . the claim has some merit." *Id*. at 14; *see McKinnon v. Sec'y, Dep't of Corr*., 777 F. App'x 368, 370-71 (11th Cir. 2019) (same).

In spite of his procedural default, the magistrate judge considered Parmley's claims on their merits. Thus, even if Parmley could meet the showing required by *Martinez,* he would receive no more than that already done—consideration of his claims on their merits. *See Martinez*, 566 U.S. at 17 ("A finding of cause and prejudice does not entitle the prisoner to habeas relief. It merely allows a federal court to consider the merits of a claim that otherwise would have been procedurally

---

[1] Parmley was assigned to Limestone Correctional Facility when he filed this petition. (Doc. 1 at 1). On August 29, 2019, Parmley notified the court he had been transferred to North Alabama Community Work Center. (Doc. 11).

defaulted."). Because Parmley's defaulted claims are also meritless, they are not substantial. Accordingly, Parmley's claims remain barred from consideration here.

## B. Search Warrant

Even if not procedurally defaulted, Parmley's claim that the search warrant contained fatal defects—and therefore violated the Fourth Amendment—has no basis in law. The warrant contained Parmley's address in one location and an incorrect address in a second location. (Doc. 1 at 13). This issue was raised in the trial court, which found the incorrect address was a typographical error. (*Id*. at 9). Under Alabama law, "[t]ypographical errors or misdescriptions in a search warrant do not necessarily render the warrant fatally defective." *Whitehead v. State*, 608 So. 2d 423, 426 (Ala. Crim. App. 1992). Federal law requires only that the warrant:

> describe the place to be searched with sufficient particularity to direct the searcher, to confine his examination to the place described, and to advise those being searched of his authority. An erroneous description of premises to be searched does not necessarily render a warrant invalid. The Fourth Amendment requires only that the search warrant describe the premises in such a way that the searching officer may with reasonable effort ascertain and identify the place intended.

*U.S. v. Harbison*, 523 F. App'x 569, 573 (11th Cir. 2013) (quoting *United States v. Burke*, 784 F.2d 1090, 1092 (11th Cir. 1986)).

The warrant at issue here sufficiently described the place to be searched—the residence and vehicle of Parmley and others. Nothing before the court suggests a search of the incorrect address contained in the warrant resulted in Parmley's arrest.

To the extent the Parmley's repetition of this argument can be construed as an objection, it is devoid of merit.

### C.  Work Release

Parmley's next contention concerns the plea agreement's inclusion of his placement in work release, which was not honored by the ADOC. (Doc. 15 at 3, 6). Parmley seems to argue his counsel was ineffective for allowing him to enter this plea deal when the ADOC does not allow individuals convicted of attempted trafficking to participate in work release. (*Id*. at 3-4). As stated in the report and recommendation, failure to satisfy due process is the sole ground on which a federal court may set aside a state court guilty plea. *Massey v. Warden*, 733 F. App'x 980, 988 (11th Cir. 2018) (quoting *Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir. 1991). Due process requires a guilty plea be knowing and voluntary. *Boykin v. Alabama*, 395 U.S. 238, 243 n.5 (1969). A plea is knowing and voluntary if the defendant understood the nature of the charge and the elements of the crime. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005).

The due process analysis does not consider whether a defendant received the precise sentence he expected. Here, Parmley expected to receive—and did receive—a sentence of ten years with three years to serve. The problem for Parmley is the ADOC's classification of him based on his trafficking charge. While a sentencing court can specify work release, that specification is no more than a

recommendation to the state prison system; the Constitution affords no liberty interest in a prisoner's classification. *Meachum v. Fano*, 427 U.S. 215, 225 (1976) ("Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose."); *see also Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994).

A federal district court may entertain an application for writ of habeas corpus filed by a state prisoner "only on the ground he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 562 U.S. 216, 219-20 (2011). The ADOC's classification of Parmley—based on Alabama statutes—is not grounded in federal law and therefore cannot form a basis for granting relief. *See Curry v. Culliver*, 141 F. App'x 832, 834 (11th Cir. 2005) (citing *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983)) ("Curry's claim on appeal is that he is entitled to a sentence reduction under §§ 13A-5-9(c)(3) and 13A-5-9.1. This is purely a question of state law and, as such, provides no basis for federal habeas corpus relief."); *Waldman v. Curry*, 871 F.3d 1283, 1290 (11th Cir. 2017) (prisoner's challenge to the ADOC's classification barred by the Eleventh Amendment because it is merely a claim that state officials violated state law). "Prison inmates do not have a liberty interest in discretionary programs such as prison classifications." *Smith v. Governor for Alabama,* 562 F. App'x 806, 817 (11th Cir. 2014) (citing *Moody v. Daggett*, 429 U.S. 78, 88 n.9

5

(1976) (rejecting notion that every state action with adverse consequences for inmates, such as a prison classification, violates due process)).

Parmley pleaded guilty in exchange for a ten-year sentence with three years to serve.[2] He received that very sentence.[3] (*See, e.g.*, Doc. 1 at 22). Parmley's claim that the court rejected part of his plea agreement is refuted by the agreement, the plea colloquy, and the Alabama Code. (*See, e.g.*, *id.* at 19, 22; Doc. 8-4 at 2-3). That Parmley's prison classification does not allow for work release does not raise a federal claim.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the defendant's objections, the magistrate judge's report is **ADOPTED** and the recommendation is

---

[2] As explained by the Alabama Court of Criminal Appeals:

> Parmley was originally indicted for trafficking in marijuana, but pleaded guilty to attempted trafficking in marijuana, a Class A felony. See § 13A-12-203(c), Ala.Code 1975 (providing that an attempt to commit a controlled substance crime "shall be punished the same as the controlled substance crime attempted") . . . . Pursuant to § 13A-12-231(1)a., a defendant convicted of trafficking in marijuana in excess of 2.2 pounds but less than 100 pounds must be sentenced to "a mandatory minimum term of imprisonment of three calendar years," and pursuant to § 13A-12-232(a), Ala.Code 1975, that mandatory minimum may not be suspended.

(Doc. 8-4 at 5).

[3] Parmley's objections may attempt to raise a new coercion claim; he states he pled guilty because trial counsel told him and his wife they would receive 99 years if he did not accept the plea agreement and proceeded to trial. (Doc. 15 at 3). Under Alabama law, a Class A felony is punishable by not less than 10 and not more than life or 99 years imprisonment. This was clearly marked on the "Explanation of Rights and Plea of Guilty" form Parmley signed on May 15, 2017. (Doc. 1 at 19-20).

**ACCEPTED**.  Parmley's objections are **OVERRULED**.  (Doc. 15).  Accordingly,

the petition for writ of habeas corpus is due to be **DENIED** and **DISMISSED WITH**

**PREJUDICE**.  A certificate of appealability will be denied.  A separate Final Order

will be entered.

DONE AND ORDERED ON MARCH 11, 2020.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704